**William HART, Jr., Plaintiff–Appellant,**

v.

**NEW YORK UNIVERSITY HOSPITAL CENTER, Defendant–Appellee.**

**No. 11–5145–cv.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2013.

William Hart, Jr., pro se, New York, NY.

Ricki Ellen Roer, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for Defendant–Appellee.

Present: JOSÉ A. CABRANES, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant William Hart, Jr., proceeding *pro se,* brings this employment-discrimination suit against defendant-appellee New York University Hospital Center ("the Hospital"), alleging, *inter alia,* that the Hospital terminated his employment because of his African–American race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] In an opinion dated October 7, 2011, the District Court granted summary judgment to the Hospital on this claim, concluding that Hart had failed to present sufficient evidence to make out a *prima facie* case of discrimination, and that he had failed to rebut the Hospital's asserted non-discriminatory bases for his firing. *See Hart v. N.Y. Univ. Hosp. Ctr.,* No. 09–cv–5159, 2011 WL 4755368 (S.D.N.Y. Oct. 7, 2011). Hart now appeals that decision. We assume the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

We review an award of summary judgment *de novo,* "construing the evidence in

---

1. On appeal, Hart does not contest the District Court's earlier decisions with respect to any of the other claims alleged in his complaint. Accordingly, those claims are deemed abandoned. *See, e.g., Fabrikant v. French,* 691 F.3d 193, 202 n. 8 (2d Cir.2012).

the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir.2010) (quotation marks omitted). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A genuine dispute exists "if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir.2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir.2008)).

Having reviewed the record *de novo*, we conclude that Hart's appeal is without merit, substantially for the reasons stated by the District Court in its well-reasoned order. Hart has failed to present sufficient evidence for a reasonable jury to conclude that racial discrimination motivated the Hospital's termination of his employment. Hart also has not presented sufficient evidence for a reasonable jury to conclude that he satisfied, or could satisfy, his burden of demonstrating that the asserted race-neutral bases for the Hospital's actions were pretextual.

## CONCLUSION

We have considered all of Hart's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.